**QIANG LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–5483–ag.**

United States Court of Appeals, Second Circuit.

May 22, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Liu Yu, New York, NY, for Petitioner.

Reginald I. Lloyd, United States Attorney, District of South Carolina; J. Douglas Barnett, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Qiang Lin, through counsel, petitions for review of the September 2005 order affirming Immigration Judge ("IJ") Terry A. Bain's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews an IJ's decision when the BIA affirms the decision of the IJ without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility determination. The IJ accurately observed that Lin did not mention in his asylum application that the police had looked for him at his home two or three days after arresting other church members, failed to find him because he was in hiding, and returned to his home four or five times. These omissions were both substantial and material to his claim that he feared arrest on account of his practice of Catholicism. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003). While Lin stated in his written application that the police closed down the church, took many copies of the Bible away, and arrested the priest, he neglected to mention any details to suggest that he had either suffered past persecution or had a well-founded fear of persecution, which would form the basis of an asylum claim.

In addition, the IJ appropriately faulted Lin for not providing a baptismal certificate, because without explaining why, Lin stated only that he did not bring it with him. An applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004).

Notwithstanding several flaws in the IJ's reasoning, the material and substantial omissions identified in the record amounted to substantial evidence to sup-

port the IJ's adverse credibility finding. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). The IJ therefore properly denied Lin's applications for asylum, withholding of removal, and CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).